**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JAIRO ENMANUEL TUDARE JIMENEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. CIV-26-2408-SLP |
| v. | ) | |
| | ) | |
| WARDEN, Cimmaron Correctional Facility, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**<u>O R D E R</u>**

Petitioner, Jairo Enmanuel Tudare Jimenez, appearing pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Before the Court is the Report and Recommendation [Doc. No. 11] (R&R) of United States Magistrate Judge Chris M. Stephens. The Magistrate Judge recommends granting, in part, the Petition. The Respondents have filed an Objection [Doc. No. 12], and the matter is at issue.[1] The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th

[1] Prior to the Court's ruling on the R&R, Petitioner filed a Pro Se Emergency Motion for Prompt Medical Evaluation and Expedited Consideration of the Report & Recommendation [Doc. No. 14]. Petitioner requests in part, that the Court "direct Respondents to arrange a prompt evaluation of Petitioner by a licensed clinician." *See* [Doc. No. 14] at 3. However, as Petitioner appears to acknowledge in the Motion, such request is not proper in the context of a § 2241 petition and must be sought in a separate action. *See, e.g.*, *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).

Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS, in part, the Petition.

## I. Background

Petitioner, a citizen of Venezuela, entered the United States on or around November 30, 2023, near Eagle Pass, Texas. That same day, Petitioner was placed by United States Immigration and Customs Enforcement (ICE) into removal proceedings through the issuance of a Notice to Appear and was charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). Petitioner was subsequently released from custody. On October 15, 2025, Petitioner filed an application for asylum in his immigration proceeding, which remains pending.

On August 12, 2026, Petitioner was re-detained by ICE at his place of work. Petitioner has been continuously detained without bond since his arrest pursuant to the mandatory detention provisions set forth in § 1225(b)(2)(A). When Petitioner filed his Petition, he was detained at Cimmaron Correctional Facility in Cushing, Oklahoma. On October 13, 2026, an Immigration Judge ordered Petitioner removed from the country. Petitioner's deadline to file an appeal of the removal order is November 12, 2026, so Petitioner's removal order has not yet become final.

On September 8, 2026, Petitioner filed this action, claiming his detention without constitutionally adequate review violates his due process rights under the Fifth Amendment to the United States Constitution. As relief, Petitioner seeks an individualized bond hearing, or, in the alternative, release from custody.

## II. Discussion

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within seven (7) days or, in the alternative, for Respondents to release Petitioner from custody. Furthermore, the Magistrate Judge recommended that the Court decline to address Petitioner's due process claims.

The Court concurs with the Magistrate Judge's findings and rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A). The Magistrate Judge's findings are consistent with this Court's previous determinations that § 1226(a) governs the detention of similarly situated immigration detainees. *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026); *see also Kudratov v. Siegel*, No. CIV-26-83-SLP, 2026 WL 1232387 at *2 (W.D. Okla. May 5, 2026) (rejecting the respondents' contention that the filing of an application for asylum equates to seeking admission under § 1225(b)(2)). The Court's previous determinations are in accord with the Tenth Circuit, as well as the vast majority of Circuit Courts, that § 1226(a) governs such detention. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026).[2] The Court, therefore, finds that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

---

[2] Only two circuits – the Fifth and Eighth – have held that the mandatory detention scheme under § 1225(b)(2) governs. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Herrera Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). On October 1, the U.S. Supreme Court granted certiorari in *Barbosa da Cunha v. Freden,* 175 F.4th 61 (2d Cir. 2026) to resolve the circuit split. *See id*., *cert. granted sub nom. Rhoney v. Barbosa da Cunha*, No. 26-104, 2026 WL 2942994 (U.S. Oct. 1, 2026).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 11] is ADOPTED IN PART and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order.

IT IS FURTHER ORDERED that Respondents shall file a Notice of Compliance on or before 5:00 p.m., on November 10, 2026. If Respondents fail to timely comply, including a failure to timely file a Notice, Petitioner shall immediately be released from custody. *See* 28 U.S.C. §§ 2241, 2243.[3]

IT IS FURTHER ORDERED that Respondents' counsel is directed to provide a copy of this Order to the warden of the facility where Petitioner is currently detained.

IT IS FURTHER ORDERED that Petitioner's Pro Se Emergency Motion for Prompt Medical Evaluation and Expedited Consideration of the Report & Recommendation [Doc. No. 14] is DENIED. Petitioner's Emergency Motion for Expedited Consideration and Prompt Custody Review [Doc. No. 3] is DENIED as MOOT.

A separate judgment shall be entered.

---

[3] "In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters as law and justice require." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (citing 28 U.S.C. § 2243); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.").

IT IS SO ORDERED this 3rd day of November, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**